```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION


CASEY JAMES GUZAK              ]
     Petitioner,               ]
                               ]
v.                             ]     No. 3:16-1980
                               ]     Judge Trauger
MICHAEL PARRIS, Warden         ]
     Respondent.               ]
```

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Michael Parris, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

On January 12, 2015, the petitioner pled guilty in the Criminal Court of Wilson County to possession of heroin with the intent to sell or deliver. Docket Entry No. 22-1 at pg.117. For this crime, he received a sentence of twelve years in prison. *Id.*

Having pled guilty, there was no direct appeal of the conviction taken by the petitioner. Later, though, the petitioner filed a *pro se* petition for post-conviction relief in the Criminal Court of Wilson County. *Id.* at pgs.121-129.

The petition for post-conviction relief was summarily denied

without prejudice. *Id.* at pg. 145. Once again, there was no appeal taken to challenge the denial of post-conviction relief.

## II. Procedural History

On July 14, 2016, the petitioner filed the instant petition (Docket Entry No.1) for federal habeas corpus relief.[1] The petition contains three claims for relief. These claims include

    1)    the petitioner's sentence is incorrect;

    2)    the petitioner was denied the effective assistance of counsel; and

    3)    vice officers tampered with the evidence.

Upon its receipt, the Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No.9) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - § 2254 Cases.

Presently before the Court is the respondent's Motion to

---

[1] The petition was stamped by the Clerk's Office as received on July 29, 2016. A pleading from a prisoner, however, is deemed filed on the day that it was given to a prison official for posting. Houston v. Lack, 487 U.S. 266 (1988). The petitioner does not set forth exactly when he placed the petition in the prison postal system for mailing. He does state, though, that the petition was signed on July 14, 2016. Docket Entry No.1 at pg.15. For purposes of determining timeliness, the Court shall assume that the petitioner mailed the petition on the same date that it was signed by him.

Dismiss (Docket Entry No.20), to which the petitioner has offered no reply. Having carefully considered this pleading and the record as a whole, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8, Rules - - § 2254 Cases.

### III. Timeliness of the Petition

In the Motion to Dismiss, the respondent argues that this action is untimely.

A one year period of limitation has been placed on the filing of § 2254 petitions. Thus, a prisoner in custody pursuant to the judgment of a state court has one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" in which to file his petition for federal habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A).[2]

The petitioner pled guilty and was sentenced on January 12, 2015. He did not seek a direct appeal of the conviction. The time for filing a direct appeal expired thirty (30) days after the

---

[2] 28 U.S.C. § 2244(d) actually provides that the limitation period will begin to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

petitioner was sentenced, Rule 4(a), Tenn. R. App. P., rendering his conviction final on February 11, 2015. Therefore, the petitioner had until February 11, 2016 in which to seek federal habeas corpus relief.

After two hundred ninety five (295) days had past, on December 3, 2015, the petitioner filed a timely petition for state post-conviction relief.[3] Docket Entry No.22-1 at pgs.121-129. This filing had the effect of tolling the limitation period during the time that the post-conviction proceeding remained pending in the state courts. 28 U.S.C. § 2244(d)(2).

The petitioner's post-conviction petition was summarily denied on December 17, 2015. Docket Entry No.22-1 at pg.145. There was no appeal of this ruling, rendering the post-conviction proceedings concluded thirty (30) days later, on January 16, 2016. Rule 4(a), Tenn. R. App. P.

When the state court proceedings that tolled the limitation period are no longer pending, the limitation period resumes at that point where it was tolled rather than starting anew. DiCenzi v. Rose, 452 F.3d 465, 468-469 (6th Cir. 2006). As a consequence, having already expended two hundred ninety five (295) days of the limitation period, the petitioner had seventy (70) days remaining

---

[3] The 295 days are calculated as follows : 17 days (2/12 - 2/28/15) + 31 days (3/15) + 30 days (4/15) + 31 days (5/15) + 30 days (6/15) + 31 days (7/15) + 31 days (8/15) + 30 days (9/15) + 31 days (10/15) + 30 days (11/15) + 3 days (12/1 - 12/3/15) = 295 days.

(365 days - 295 days = 70 days), or until March 26, 2016, in which to initiate the instant action.[4]

As noted above, the habeas corpus petition initiating this action was filed on July 14, 2016, more than three months after the limitation period had expired. Accordingly, the instant action was not filed in a timely manner.

## IV. Equitable Tolling of the Limitation Period

Nevertheless, the limitation period does not act as a jurisdictional bar. Consequently, the one year limitation period is subject to equitable tolling in appropriate circumstances. <u>Griffin v. Rogers</u>, 399 F.3d 626, 631 (6th Cir.2005). The doctrine of equitable tolling, however, should be applied sparingly. <u>Dunlap v. United States</u>, 250 F.3d 1001, 1008 (6th Cir.2001).

The petitioner bears the burden of showing that he is entitled to an equitable tolling of the limitation period. <u>Keenan v. Bagley</u>, 400 F.3d 417, 420 (6th Cir.2005). To satisfy this burden, the petitioner must establish (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way and prevented a timely filing. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408,418 (2005).

The petitioner has not specifically addressed the issue of an equitable tolling of the limitation period. He does state, however,

---

[4] The 70 days are calculated as follows : 15 days (1/17 - 1/31/16) + 29 days (2/16) + 26 days (3/1 - 3/26/16) = 70 days.

5

with respect to the question of timeliness, that he did not receive a copy of the order denying him post-conviction relief until January 28, 2016. Docket Entry No.1 at pg.5. He asserts that this prevented him from "refiling post-conviction". *Id.* at pg.14. But the petitioner has offered nothing from which the Court could infer that he has been diligently pursuing his federal rights and that an extraordinary circumstance prevented him from initiating the instant action in a timely fashion.

Accordingly, the Court finds that the limitation period was not equitably tolled so as to allow the untimely filing of this action.

An appropriate order of dismissal will be entered. Rule 8(a), Rules - - - § 2254 Cases.

_____
Aleta A. Trauger
United States District Judge

6